IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00953-BNB

CHARLIE J. GRIFFIN,

    Plaintiff,

v.

TROOPER DUNN #1988, and
SGT. JOHN ROSE #9201,

    Defendants.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 2 4 2009

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Plaintiff Charlie J. Griffin initiated this action by filing *pro se* a Complaint. Mr. Griffin alleges in the Complaint that his rights under the United States Constitution were violated during the course of two traffic stops. On April 29, 2009, Magistrate Judge Boyd N. Boland ordered Mr. Griffin to file an amended complaint that complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. In particular, Magistrate Judge Boland noted that "Mr. Griffin fails to assert his specific claims for relief in a clear and concise manner and he fails to provide specific factual allegations in support of his claims that explain how his constitutional rights allegedly have been violated." (Order Directing Pl. to File Am. Compl. at 2.) Mr. Griffin was warned that the action would be dismissed without further notice if he failed to file an amended complaint within thirty days.

Mr. Griffin has not filed an amended complaint as directed. Instead, on May 18, 2009, he filed a letter to the Court. The letter is addressed to Magistrate Judge Boland

and is regarding "FILE AMENDED COMPLAINT, CASE No. 09-cv-00953-BNB." In its entirety, the text of Mr. Griffin's letter to the Court filed on May 18 provides as follows:

> I have already answered these questions in my 1983 civil case. Officer Trooper Dunn who pulled me over for swerving and drinking alcohol while driving. I explain [sic] to Officer Dunn, #1988, that I was not swiveling [sic] or drinking any alcohol at all. Officer Dunn knew that D.O.C. had put me in prison falsely for 14 years. Officer Dunn were [sic] harassing me and my family because we are Black, he has violated my 5th, 6th, 8th, and 14th Constitutional [sic] Civil Rights. Even though he did not give me a ticket at all, he was just harassing me and trying very hard to provoke me into a gun fight or worst [sic]. For my pain and suffering I am asking for ten million dollars.
>
> Sergeant John Rose pull [sic] me over for swiveling [sic] even though I tried to explain to him that I was not swiveling [sic] at all. Sgt. John Rose #9201 knew that D.O.C. has put me in prison falsely for 14 years. Sgt. John [sic] said that he had a warrant for my arrest for a restraining order. I explain [sic] to Sgt. Rose that you'll has [sic] made a big mistake because I have already been to court for this restraining order and here is a copy of the dismissal order by the Court. But Sgt. Rose told me that he has heard enough and seen enough and you Mr. Griffin is [sic] going to jail, then I said ok. Sgt. Rose was harassing and provoking me because I was with my Black family at Christmas Holidays. He has violated my 5th, 6th, 8th, and 14th Constitutional [sic] Civil Rights. But while I was going through court I beat all charges against me. For my pain and suffering I am asking for ten million dollars.

(Pl.'s Letter to the Court filed May 18, 2009.)

The Court must construe the documents filed by Mr. Griffin liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *See id.*

The Court has reviewed Mr. Griffin's letter to the Court filed on May 18 and finds that Mr. Griffin has failed to comply with Magistrate Judge Boland's order to file an amended complaint. In short, Mr. Griffin's letter to the Court is not an amended complaint and does not "contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Fed. R. Civ. P. 8(a).

Magistrate Judge Boland specifically advised Mr. Griffin that, in order "to state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Despite this specific instruction, Mr. Griffin has failed to file a pleading that complies with the requirements of Rule 8. Although the papers filed by Mr. Griffin must be construed liberally, the Court will not construct legal arguments for a *pro se* litigant. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Therefore, the action will be dismissed for failure to comply with the pleading requirements of Rule 8. Accordingly, it is

ORDERED that the Complaint and the action are dismissed without prejudice for failure to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.

DATED at Denver, Colorado, this 23 day of June, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-00953-BNB

Charlie James Griffin, Jr.
P.O. Box 17454
Colorado Springs, CO 80935

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 6/24/09

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk